UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES D. WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08-CV-88 |
| | ) | *Collier/Lee* |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**I.     Introduction**

Before the Court is the Plaintiff Charles D. Williams' motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 21], with a supporting memorandum [Doc. 22] and a declaration of the Plaintiff's attorney concerning the fees requested, including information about the number of hours worked by various persons, the hourly rate for such work, and the qualifications of the persons who performed the work [Doc. 22-2 & 23]. Defendant Michael J. Astrue ("Commissioner") has not filed a timely response to the Plaintiff's motion and is hereby deemed to have waived any objection to the motion. *See* E.D. TN. LR 7.2. This matter is now ripe for review and it has been referred pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) for a report and recommendation regarding the disposition of the Plaintiff's motion for an award of fees under the EAJA. For the reasons that follow, **I RECOMMEND** Plaintiff's motion for an award

of attorney's fees under the EAJA be **GRANTED** and Plaintiff be awarded attorney's fees in the amount of $1,638.70.

**II.     Analysis**

    **A.     Entitlement to Fees**

Four conditions must be met for a plaintiff to be entitled to attorney's fees under the EAJA: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) special circumstances warranting a denial of the requested fees must not exist; and (4) the government's position must be without substantial justification. 28 U.S.C. § 2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). In the instant matter, Plaintiff has satisfied all four conditions to receive an award of attorney's fees under the EAJA.

As to the first condition, Plaintiff is a prevailing party under the EAJA. On November 4, 2008, the parties filed a joint motion for entry of judgment reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with remand to the Commissioner for further consideration [Doc. 18]. On November 6, 2008, the Court granted the parties' joint motion [Doc. 19] and entered a judgment remanding this matter to the Commissioner [Doc. 20]. When Plaintiff obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g), he became a prevailing party for EAJA purposes. *See Jones v. Commissioner of Social Security*, No. 1:05-cv-789, 2007 WL 1362776, *2 (S.D. Ohio. May 8, 2007) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)).

As to the second condition, Plaintiff's motion is timely. Plaintiff filed his motion on December 2, 2008, within 30 days of this Court's judgment remanding this matter for further administrative consideration under sentence four of 42 U.S.C. § 405(g).

As to the third and fourth conditions, the Commissioner has not filed any responsive pleading arguing there are any special circumstances which would warrant a denial of fees or his position was substantially justified. As noted, the Commissioner's failure to file a response is deemed a waiver of any opposition to the relief sought in Plaintiff's motion pursuant to E.D. TN. LR 7.2. The burden to establish the position of the Commissioner is substantially justified must be shouldered by the government. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). As the Commissioner has not attempted to satisfy his burden to show his decision was substantially justified or that special circumstances warrant a denial of attorney's fees, these conditions do not apply to deny an award of fees.

Thus, I **RECOMMEND** the aspect of Plaintiff's motion which seeks an award of attorney's fees under the EAJA be **GRANTED**.

**B.   Amount of Fees**

Plaintiff seeks attorney's fees of $1,638.70 [Doc. 21]. The requested fees are comprised of: (1) 3.9 hours of attorney time at $159.00 per hour, or $620.10; (2) 8 hours of law clerk time at $75.00 per hour, or $600.00; and (3) 9.1 hours of paralegal time at $46.00 per hour, or 418.60 [Doc. 22-2 & 23]. Having reviewed the documentation filed by the Plaintiff in support of his motion and given the lack of opposition, I **RECOMMEND** Plaintiff be awarded fees in the requested amount of $1,638.70.

### III. Conclusion

For the reasons set forth above, I **RECOMMEND**[1] Plaintiff's motion for fees under the EAJA [Doc. 21] be **GRANTED** and Plaintiff be awarded fees in the amount of $1,638.70.

s/Susan K. Lee
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).